**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LLOYD McKEE MOTORS, INC., Respondent.**

No. 544–69.

United States Court of Appeals, Tenth Circuit.

Aug. 11, 1970.

Michael Barkow (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Peter Ames Eveleth, Washington, D. C., were with him on the brief), for petitioner.

Robert C. Poole, Albuquerque, N. M. (John M. Wells, Albuquerque, N. M., was with him on the brief), for respondent.

Before LEWIS, Chief Judge, and HICKEY and HOLLOWAY, Circuit Judges.

PER CURIAM.

The National Labor Relations Board (Board) seeks enforcement of an order issued against respondent on April 15, 1968, premised on findings and conclusions that respondent had violated sections 8(a) (1), (3) and (4) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), (3) and (4), by the discriminatory discharge of an employee, Pearl Cook. The Board Decision and Order is reported at 170 N.L.R.B. No. 168. The section 8(a) (3) and (1) violations pertain to Cook's discharge for union activities; the 8(a) (4) violations pertain to Cook's discharge because he had previously given testimony against the respondent in an earlier Board proceeding and because of a threat to seek Board aid in the subject dispute. Enforcement is resisted upon claim of lack of a fair hearing due to extreme and continuing bias upon the part of the trial examiner during the course of the hearing and the further ground that the record lacks substantial evidence to support the Board's findings.

With the exception of a single incident which we note,[1] our examination of the trial record reveals nothing pertaining to the conduct of the trial examiner that lends substantial support to petitioner's claim that it was denied a fair hearing as such. However, petitioner's dissatisfaction with the proceedings becomes understandable when projected against the examiner's written decision. The overall tone of the decision is one of "throw the book" with repeated empha-sis upon the prerogative of the examiner to determine credibility[2] and contains several gratuitious findings which we would reject as unsupported by the evidence if such findings were dispositive of the basic issue. The record does, nevertheless, when considered as a whole contain substantial evidence that Cook was discharged and for reasons showing a discriminatory motive that was violative of sections 8(a) (1) and (3). So, too, the record supports the determination of a violation of section 8(a) (4) because of Cook's earlier Board testimony. The record does not factually support a further violation of this section.

The order of the Board will be enforced as indicated.

---

1. The incident which led to Cook's loss of employment was a claimed overcharge made by Cook, an automobile mechanic, for time spent in the repair of a new car belonging to the respondent car dealer. Cook claimed $48 for the work done; respondent offered $24 which Cook rejected. The trial examiner, through a leading question, elicited testimony from Cook to the effect that had he, Cook, accepted the $24 he would then have been fired for falsifying a claim. This pure subjective speculation by Cook was elevated to a specific finding of fact by the examiner. We reject the finding.

2. The credibility of respondent's witnesses was consistently rejected except where an unfavorable inference could be drawn.